**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| VERICOOL WORLD LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TEMPERPACK TECHNOLOGIES, INC. and TEMPERPACK VIRGINIA, INC.,<br><br>　　　　Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR WILLFUL PATENT INFRINGEMENT

Plaintiff Vericool World LLC ("Vericool"), by and through its attorneys, brings this action for willful patent infringement against Defendants TemperPack Technologies, Inc. and TemperPack Virginia, Inc. (collectively, "TemperPack"), and alleges as follows:

## NATURE OF ACTION

1. This is a civil action for willful infringement of U.S. Patent Nos. 11,040,818 ("the '818 patent"), 11,358,780 ("the '780 patent"), and 11,794,983 ("the '983 patent") (collectively, "the Asserted Patents") under the Patent Laws of the United States, 35 U.S.C. § 1, et seq.

## PARTIES

2. Plaintiff Vericool World LLC is a Delaware corporation having its principal place of business at 7066 Las Positas Road, Livermore, California 94551.

3. On information and belief, Defendant TemperPack Technologies, Inc. is a Delaware corporation having its principal place of business at 4447 Carolina Avenue, Richmond, VA 23222.

1

4. On information and belief, Defendant TemperPack Virginia, Inc. is a Delaware corporation having its principal place of business at 4447 Carolina Avenue, Richmond, VA 23222.

## JOINDER

5. Joinder of Defendants is proper under 35 U.S.C. § 299.

6. The allegations of patent infringement contained herein arise out of the same series of transactions or occurrences relating to the making, using, selling, or offering for sale within the United States, the same accused products, including thermally insulating pads shaped to be positioned in a cavity of a rectangular prism shipping container, wherein the pad includes a panel formed primarily of starch that holds together as a single unit a compostable or recyclable film formed of paper.

## JURISDICTION AND VENUE

7. This action for infringement arises under the Patent Laws of the United States, Title 35 of the United States Code, 35 U.S.C. § 1 *et seq*.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has both general and specific personal jurisdiction over TemperPack under the Due Process Clause of the United States Constitution and the Virginia Long-Arm Statute, Va. Code § 8.01-328.1.  This Court has general personal jurisdiction over TemperPack because each Defendant has its principal place of business in Virginia.  This Court also has personal jurisdiction because each Defendant, directly or through intermediaries, makes, uses, ships, distributes, offers to sell, sells, advertises, and/or imports products in Virginia.  By making, using, offering to sell, selling, and/or importing products that infringe the Asserted Patents in Virginia, and by inducing or causing those acts to occur, each Defendant has

transacted and continues to transact business in Virginia and has committed and continues to commit tortious acts or omissions within Virginia.

10. Venue is proper in this District under 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400(b) because each Defendant resides in this District, a substantial part of the events giving rise to the claims occurred in this District, and each Defendant has committed acts of infringement and has a regular and established place of business in this District.

## BACKGROUND OF VERICOOL AND THE PATENTED TECHNOLOGY

11. Vericool's breakthrough patented technology provides a readily-manufacturable solution for high performing thermal shippers made from eco-friendly materials.

12. For years, the cold chain shipping industry used polystyrene foam for temperature control. In 2016, San Francisco adopted an extensive ban on polystyrene foam, such as Styrofoam. Similar bans were adopted by municipalities throughout the United States.

13. Following a troubled youth, Darrell Jobe, the founder of Vericool, worked in the packaging industry for more than a decade. Seeing the challenges posed to the cold-chain shipping industry, Mr. Jobe developed a compostable solution that provided an environmentally friendly, consumer-friendly, and cost-effective solution for cold chain shipping. In February 2017, Mr. Jobe filed a provisional patent application, U.S. Appl. No. 62/460,023, to which the Asserted Patents claim priority.

/ / /

/ / /

/ / /

14. Mr. Jobe's innovation led to the development of the Vericooler Plus, which was designed with the food delivery, specialty pharmaceutical, and health care industries in mind.



**The Vericooler Plus**

15. On information and belief, TemperPack's flagship product is structured to fit inside a shipping container and includes a thermally insulating panel formed primarily of starch that holds together as a single unit, and has a recyclable film formed of paper ("the Accused Product"), called ClimaCell. TemperPack advertises ClimaCell to be recyclable, made of paper and starch-based insulation, and water-repellent to protect the starch from dissolving, just like

/ / /

/ / /

/ / /

Mr. Jobe's patented inventions. TemperPack similarly uses the Accused Product to target the food delivery, pharmaceutical, and health care industries.



**ClimaCell as shown on www.temperpack.com/climacell**

16. On June 22, 2021, Vericool notified TemperPack that the Accused Product infringes the '818 patent and asked TemperPack to stop infringing. Thereafter, on August 3, 2022, Vericool contacted TemperPack again about its continued infringement of the '818 patent and notified TemperPack of its infringement of the newly-issued '780 patent.

17. Despite Vericool's letters, TemperPack has continued to make, use, offer to sell, sell, and/or import the Accused Product. On information and belief, TemperPack manufactures millions of ClimaCell thermal liners per month. These products, which practice Mr. Jobe's patented innovation, are used by leading meal kit brands such as HelloFresh, and other companies that ship fresh and frozen food and temperature-sensitive medical treatments.

## THE ASSERTED VERICOOL PATENTS

18. Vericool is the assignee and the owner of all right, title, and interest in and to the '818 patent, the '780 patent, and the '983 patent.

19. The '818 patent, the '780 patent, and the '983 patent are each valid and enforceable.

20. The '818 patent is entitled "Compostable Insulation for Shipping Container" and was issued by the U.S. Patent and Trademark Office on June 22, 2021. A true and correct copy of the '818 patent is attached hereto as **Exhibit A**.

21. The '780 patent is entitled "Compostable Insulation for Shipping Container" and was issued by the U.S. Patent and Trademark Office on June 14, 2022. A true and correct copy of the '780 patent is attached hereto as **Exhibit B**.

22. The '983 patent is entitled "Compostable Insulation for Shipping Container" and was issued by the U.S. Patent and Trademark Office on October 24, 2023. A true and correct copy of the '983 patent is attached hereto as **Exhibit C**.

23. The '818 patent, the '780 patent, and the '983 patent all claim priority to U.S. Provisional Application No. 62/460,023, filed on February 16, 2017.

## COUNT I: INFRINGEMENT OF THE '818 PATENT

24. Vericool hereby incorporates by reference its allegations contained in paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25. TemperPack directly infringes the '818 patent, under 35 U.S.C. § 271(a), both literally and under the doctrine of equivalents, by making, using, offering for sale, selling, and/or importing the Accused Product. For example, and without limitation, the claim chart attached hereto as **Exhibit D** shows how the Accused Product meets each and every limitation of Claim 1 of the '818 patent.

26. Since at least its receipt of Vericool's June 22, 2021 letter informing TemperPack that the Accused Product infringes the '818 patent, TemperPack has been willfully making, using, offering to sell, selling, and/or importing the Accused Product.

27. TemperPack has also induced and continues to induce infringement of at least Claim 1 of the '818 patent under 35 U.S.C. § 271(b) by actively and knowingly inducing, directing, causing, and encouraging others, including but not limited to its customers and/or end users, to infringe the '818 patent by making and using the Accused Product.

28. TemperPack's customers and/or end users have directly infringed and are directly infringing at least Claim 1 of the '818 patent. And TemperPack has, for example, actively and knowingly encouraged, educated, and instructed its customers and/or end users to make or use the Accused Product as shaped to be positioned in a cavity of a rectangular prism shipping container. Thus, TemperPack has knowingly induced and continues to induce their customers and/or end users to directly infringe the '818 patent. Furthermore, TemperPack has acted and continues to act with the specific intent to encourage such infringement by customers and/or end users and while knowing that the induced acts by these customers and/or end users constitute infringement of the '818 patent. On information and belief, TemperPack's inducement includes, for example, providing marketing material, operational instructions, manuals, technical specifications, demonstrations, training, and other forms of support and instructions that induce their customers and/or end users to directly infringe the '818 patent.

29. TemperPack does not have a license or permission to use the '818 patent.

30. TemperPack's behavior is an egregious case of willful misconduct. TemperPack has known of the '818 patent and Vericool's allegation that TemperPack infringed the patent since at least its receipt of Vericool's June 22, 2021 letter and by no later than the filing of this complaint. On information and belief, TemperPack has no good faith defense to Vericool's infringement allegations yet has deliberately and wantonly continued its infringement.

31.     As a result of TemperPack's willful infringement of the '818 patent, Vericool has suffered and will continue to suffer irreparable harm.

## COUNT II: INFRINGEMENT OF THE '780 PATENT

32.     Vericool hereby incorporates by reference its allegations contained in paragraphs 1 through 23 of this Complaint as though fully set forth herein.

33.     TemperPack directly infringes the '780 patent, under 35 U.S.C. § 271(a), both literally and under the doctrine of equivalents, by making, using, offering for sale, selling, and/or importing the Accused Product.  For example, and without limitation, the claim chart attached hereto as **Exhibit E** shows how the Accused Product meets each and every limitation of Claim 1 of the '780 patent.

34.     Since at least its receipt of Vericool's August 3, 2022 letter informing TemperPack that the Accused Product infringes the '780 patent, TemperPack has been willfully making, using, offering to sell, selling, and/or importing the Accused Product.

35.     TemperPack has also induced and continues to induce infringement of at least Claim 1 of the '780 patent pursuant to 35 U.S.C. § 271(b) by actively and knowingly inducing, directing, causing, and encouraging others, including but not limited to their customers and/or end users, to infringe the '780 patent by making and using the Accused Product.

36.     TemperPack's customers and/or end users have directly infringed and are directly infringing at least Claim 1 of the '780 patent.  And TemperPack has, for example, actively and knowingly encouraged, educated, and instructed its customers and/or end users to make or use the Accused Product as shaped to be positioned in a cavity of a rectangular prism shipping container.  Thus, TemperPack has knowingly induced and continues to induce their customers and/or end users to directly infringe the '780 patent.  Furthermore, TemperPack has acted and continues to act with the specific intent to encourage such infringement by customers and/or end

users and while knowing that the induced acts by these customers and/or end users constitute infringement of the '780 patent.  On information and belief, TemperPack's inducement includes, for example, providing marketing material, operational instructions, manuals, technical specifications, demonstrations, training, and other forms of support and instructions that induce their customers and/or end users to directly infringe the '780 patent.

37. TemperPack does not have a license or permission to use the '780 patent.

38. TemperPack's behavior is an egregious case of willful misconduct.  TemperPack has known of the '780 patent and Vericool's allegation that TemperPack infringed the patent since at least its receipt of Vericool's August 3, 2022 letter and by no later than the filing of this Complaint.  On information and belief, TemperPack has no good faith defense to Vericool's infringement allegations yet has deliberately and wantonly continued its infringement.

39. As a result of TemperPack's willful infringement of the '780 patent, Vericool has suffered and will continue to suffer irreparable harm.

### COUNT III: INFRINGEMENT OF THE '983 PATENT

40. Vericool hereby incorporates by reference its allegations contained in paragraphs 1 through 23 of this Complaint as though fully set forth herein.

41. TemperPack directly infringes the '983 patent, under 35 U.S.C. § 271(a), both literally and under the doctrine of equivalents, by making, using, offering for sale, selling, and/or importing the Accused Product.  For example, and without limitation, the claim chart attached hereto as **Exhibit F** shows how the Accused Product meets each and every limitation of Claim 17 of the '983 patent.

42. Since at least the filing of this Complaint, TemperPack has been aware of the '983 patent and has been willfully making, using, offering to sell, selling, and/or importing the Accused Product.

43. TemperPack has also induced and continues to induce infringement of at least Claim 17 of the '983 patent pursuant to 35 U.S.C. § 271(b) by actively and knowingly inducing, directing, causing, and encouraging others, including but not limited to their customers and/or end users, to infringe the '983 patent by making and using the Accused Product.

44. TemperPack's customers and/or end users have directly infringed and are directly infringing at least Claim 17 of the '983 patent. And TemperPack, for example, actively and knowingly encourages, educates, and instructs its customers and/or end users to make or use the Accused Product as shaped to be positioned in a cavity of a rectangular prism shipping container. Thus, TemperPack knowingly induces and continues to induce their customers and/or end users to directly infringe the '983 patent. Furthermore, TemperPack acts and continues to act with the specific intent to encourage such infringement by customers and/or end users and while knowing that the induced acts by these customers and/or end users constitute infringement of the '983 patent. On information and belief, TemperPack's inducement includes, for example, providing marketing material, operational instructions, manuals, technical specifications, demonstrations, training, and other forms of support and instructions that induce their customers and/or end users to directly infringe the '983 patent.

45. TemperPack does not have a license or permission to use the '983 patent.

46. TemperPack's behavior is an egregious case of willful misconduct. TemperPack has known of the '983 patent and Vericool's allegation that TemperPack infringed the patent since at least the filing of this Complaint. On information and belief, TemperPack has no good faith defense to Vericool's infringement allegations yet has deliberately and wantonly continued its infringement.

47. As a result of TemperPack's willful infringement of the '983 patent, Vericool has suffered and will continue to suffer irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Vericool prays for judgment in its favor and against Defendants and for relief as follows:

      A.      A judgment that each of the Asserted Patents is valid and enforceable;

      B.      A judgment that TemperPack Technologies, Inc. has directly and/or indirectly infringed one or more claims of the Asserted Patents;

      C.      A judgment that TemperPack Virginia, Inc. has directly and/or indirectly infringed one or more claims of the Asserted Patents;

      D.      A judgment that TemperPack Technology, Inc.'s infringement of each of the Asserted Patents has been deliberate and willful;

      E.      A judgment that TemperPack Virginia, Inc.'s infringement of each of the Asserted Patents has been deliberate and willful;

      F.      A judgment awarding Vericool all appropriate damages for the infringement that has occurred, and any continuing or future infringement of the Asserted Patents, up until the date such judgment is entered, including pre-judgment and/or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284, and in no event less than a reasonable royalty, and an accounting;

      G.      A judgment awarding Vericool enhanced damages under 35 U.S.C. § 284;

      H.      A judgment declaring that this case is exceptional and awarding Vericool its expenses, costs, and attorneys' fees in accordance with 35 U.S.C. § 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

I. A permanent injunction against TemperPack Technology, Inc. and its officers, directors, agents, branches, subsidiaries, parents, partners, and any others active in concert with TemperPack Technology, Inc. from further infringement of the Asserted Patents;

J. A permanent injunction against TemperPack Virginia, Inc. and its officers, directors, agents, branches, subsidiaries, parents, partners, and any others active in concert with TemperPack Technology, Inc. from further infringement of the Asserted Patents; and

K. Such other and further relief as the Court deems just and proper.

**DEMAND FOR A JURY TRIAL**

Vericool hereby demands a trial by jury in this action.

Dated: December 21, 2023

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Ahmed J. Davis*
Ahmed J. Davis (Va. Bar No. 43982)
adavis@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, S.W., Suite 1000
Washington, DC 20024
Tel: (202) 783-5070 | Fax: (202) 783-2331

Leeron G. Kalay (*pro hac vice* pending)
kalay@fr.com
Katherine D. Prescott (*pro hac vice* pending)
prescott@fr.com
Jessica H. Wang (*pro hac vice* pending)
jwang@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Tel: (650) 839-5070 | Fax: (650) 839-5071

Cheryl Wang (*pro hac vice* pending)
cwang@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 | Fax: (858) 678-5099

*Counsel for Plaintiff*
VERICOOL WORLD LLC

12