IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

VERICOOL WORLD LLC,
     Plaintiff,

     v.

                                    Civil No. 1:23cv1761 (DJN)

TEMPERPACK TECHNOLOGIES, INC.,
and TEMPERPACK VIRGINIA, INC.
     Defendants.

## SCHEDULING AND PRETRIAL ORDER

The following Scheduling Order shall govern the progress of this action in addition to the provisions of the Federal Rules of Civil Procedure as modified and/or enlarged upon by the Local Rules for this Court. This Order shall control if any conflict is perceived between it and either the Federal or Local Rules. The term "Rule(s)" refers to the Federal Rules of Civil Procedure and "Local Rule(s)" refers to the Local Rules for this District. This Order supersedes any previous scheduling orders.

### Trial Date

1. Trial is scheduled **with** a jury to commence with jury selection at **10:00 a.m.** on **Friday, May 30, 2025**, at the Albert V. Bryan United States Courthouse in Alexandria, Virginia, and to continue with opening statements and evidence at **10:00 a.m.** on **Monday, June 2, 2025**. Trial shall continue each business day until no later than **Friday, June 6, 2025**.

### Motions Challenging Pleadings and Leave to Amend

2(a). If a party has filed or hereafter files a motion to dismiss a pleading pursuant to Rules 12(b)(1)–(3) or 12(b)(6), a motion for judgment on the pleadings pursuant to Rule 12(c), a

motion for a more definite statement pursuant to Rule 12(e), or a motion to strike pursuant to Rule 12(f), consistent with Rule 15(a)(1), the party/parties whose pleading is challenged by the motion shall have twenty-one (21) days from service of the motion or the issuance of this Order, whichever is later, in which to file an amended pleading. Such leave shall not be waived even if the nonmovant(s) has already filed an amended pleading or a response to the relevant motion.

2(b). If the nonmovant(s) files an amended pleading within the twenty-one-day period prescribed in Paragraph 3(a), the Court shall as a matter of course deny the motion challenging the original pleading with leave to refile the motion based on the amended pleading. The party/parties whose pleading is challenged by the refiled motion shall not have leave to file a second or subsequent amended pleading without filing a separate motion for leave to amend, which shall be granted only upon satisfaction of Rule 16(b)(4) and Rule 15. *See Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (requiring parties moving for leave to amend outside of the deadlines prescribed in a scheduling order to satisfy the good cause requirement of Rule 16(b)(4) and the requirements of Rule 15).

2(c). If the nonmovant(s) does not file an amended pleading within the twenty-one-day period prescribed in Paragraph 3(a), the Court will resolve the relevant motion based on the original pleading, with leave to amend the original pleading granted only upon satisfaction of the requirements of Rule 16(b)(4) and Rule 15.

2(d). Unless otherwise required above, any motions to amend pleadings shall be filed in accordance with Rule 15(a). Such motions not filed in accordance with Rule 15(a) shall be considered only as justice so requires.

### Rule 26 Disclosures

3(a). Not later than **November 15, 2024**, each party with the burden of proof on an issue

shall identify all persons it expects to call as expert witnesses with respect to that issue in its case-in-chief at trial, and shall serve all other parties with a copy of a written report complying with the requirements of Rule 26(a)(2)(B) and (C) for each such expert witness.  Rule 26(a)(2)(B) shall not be deemed to include the opinion(s) of treating professionals and the terms of this Order shall supersede any conflicting provisions of Rule 26.

3(b).  Not later than **November 20, 2024**, each party not carrying the burden of proof on an issue shall identify all persons it expects to call as expert witnesses at trial with respect to that issue, and shall serve all other parties with a copy of a written report complying with the requirements of Rule 26(a)(2)(B) and (C) for each such expert witness.

3(c).  Not later than **December 2, 2024**, each party shall identify all persons expected to be called as expert witnesses solely to contradict or rebut any witness identified pursuant to Paragraph 3(b) and shall serve all other parties with a copy of a written report complying with the requirement of Rules 26(a)(2)(B) and (C) for each such expert witness.

3(d).  The parties may rely upon the testimony of only one expert per topic, except by order of the Court.

3(e).  Any motions challenging expert testimony based upon *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny shall be filed not later than **December 9, 2024**.  Any response to such a motion shall be filed not later than fourteen (14) calendar days after the filing of the motion and any reply shall be filed not later than seven (7) calendar days thereafter.

### Electronic Discovery

4.  If the parties have not yet held a conference as prescribed by Rule 26(f), the parties must do so within five (5) days of the entry of this Order and confirm compliance with same by

filing with the Clerk a copy of the Rule 26(f) Report, which shall include the following information:  (1) a determination of what electronic discovery will be sought by any party regarding any issues; (2) what electronic retention and retrieval systems are in use by the responding party; (3) whether agreement can be reached as to the need for preservation of relevant electronic data with a prescribed disclosure method and schedule; (4) whether agreement can be reached addressing any privilege issues, including non-waiver and clawback provisions; (5) whether there is a need for the designation by each party of an individual to act as a liaison for the party as to all electronic discovery; and, (6) the possible need for periodic case management conferences to address any new issues and to ensure compliance with whatever has been agreed upon or ordered by the Court.

### Interim Discovery Deadlines

5(a).  The parties shall substantially complete production of non-source code documents not later than **September 3, 2024**.

5(b).  Plaintiff shall narrow the asserted claims to no more than twenty-four (24) total asserted claims not later than **September 11, 2024**.

5(c).  Defendants shall narrow to no more than nine (9) prior art invalidity grounds (pursuant to 35 U.S.C. §§ 102 or 103) per claim not later than **September 25, 2024**.

### Completion of Discovery

6(a).  All discovery, including the required time period for response to any discovery demand(s), must be concluded not later than **December 20, 2024**, except by order of the Court.

6(b).  Counsel are expected to resolve discovery disputes without filing motions or involving the Court.  Should a dispute arise, consistent with Local Rule 37(E), counsel must confer in good faith to resolve the dispute.  "Good faith" means that the parties have met in

person and engaged in one-on-one discussions, not that the parties have merely exchanged correspondence. If, after good faith effort, counsel are unable to resolve a dispute and need the Court to intervene, the parties shall file a <u>joint</u> motion not exceeding twenty (20) pages in length setting forth (1) the posture of the case, (2) the nature of the discovery dispute, (3) the efforts made by the parties to resolve the dispute, (4) the position of each party regarding the dispute, (5) whether a hearing is necessary to address the issue, and (6) a certification under Local Rule 37(E) signed by counsel for each party that they have met in person and conferred in good faith to resolve the dispute before involving the Court. The Court strongly prefers that the parties file a joint motion, so that the dispute can be addressed in an expedited manner. In extraordinary situations where the parties believe that a joint pleading is not feasible, the parties must file a motion for leave to file separate submissions, setting forth the reasons that a joint submission cannot suffice. The parties must file any motions with sufficient time for the Court to resolve the dispute before the completion of discovery, because the Court will not extend the discovery deadline due to a dispute except in extraordinary circumstances. Counsel are reminded that discovery disputes requiring judicial intervention are strongly disfavored and that the Court will impose sanctions pursuant to Rule 37 and Local Rule 37 against any party not acting in good faith to resolve a dispute before involving the Court. *See Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107–08 (2017) (recognizing a trial court's inherent authority to control the litigation of a case and impose sanctions for abuse of the judicial process); *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642–43 (1976) (affirming the power of district courts to, in their discretion, issue Rule 37 sanctions).

6(c). The Court further ADVISES the parties that, pursuant to Rule 53(a)(1)(C) of the Federal Rules of Civil Procedure, the Court may appoint a special master to manage and supervise

discovery issues should the parties not resolve discovery disputes on their own.

6(d).  No discovery materials shall be filed with the Clerk except by order of the Court.

6(e).  If a party objects to the production of documents on the grounds of attorney-client privilege, attorney work-product doctrine, or any other protection, the objecting party must provide the requesting party with an inventory list of the documents to which objection is made (i.e., a privilege log), together with a brief description of the document, including the date, the author, identity of each recipient including their job titles at the pertinent time, and the claimed basis for its protection, all of which shall be sufficient to permit the opposing party to assess the claim of privilege or protection.  Unless otherwise ordered by the Court, the claim of privilege or protection shall be waived unless the privilege log is served with the responses to the request for production in the time required by the Federal Rules, the Local Rules or by a deadline established by an order of the Court.

6(f).  If any party anticipates difficulty meeting the deadline for asserting discovery objections or serving the opposing party with a privilege log, the Court instructs the party to move for an extension of time at the earliest reasonable opportunity, preferably before objections or privilege logs become due.  Such motion will be granted for good cause shown.  If any party is shown to have unnecessarily delayed in seeking such an extension of time, the Court will strictly enforce the deadlines established by the Local Rules.

6(g).  No party shall take more than five (5) depositions of non-party witnesses without leave of Court.  For purposes of this paragraph, a deposition of a non-party entity under Rule 30(b)(6) shall count as one deposition, even if the entity designates multiple witnesses to testify.

6(h).  Counsel shall serve all discovery requests by e-mail and hardcopy, unless the parties otherwise agree in writing.  *Pro se* litigants are not required to serve discovery requests

by e-mail, and represented parties are not required to serve *pro se* litigants by e-mail.

**Claim Construction**

7(a).  A *Markman* **Hearing** will be held on **November 18, 2024**, at **10:00 a.m.** in Courtroom 601 of the Albert V. Bryan United States Courthouse in Alexandria, Virginia.  The Court will construe no more than ten (10) terms.

7(b).  The parties shall exchange a list of claims to be construed no later than **September 6, 2024**, and identify any claim element that the party contends should be governed by 35 U.S.C. § 112(f).  The parties shall exchange proposed claim constructions and extrinsic evidence no later than **September 13, 2024**.

7(c).  The parties will simultaneously file opening claim construction briefs no longer than thirty (30) pages on or before **October 2, 2024**.

7(d).  The parties will simultaneously file reply claim construction briefs of no longer than twenty-five (25) pages on or before **October 16, 2024**.  The parties will inform the Court in conjunction with these filings whether they believe expert testimony will be necessary at the claim construction stage and, if so, who the parties intend to use as experts, specifically identifying their areas of expertise and the anticipated scope of their testimony.  Along with such submission, the parties shall provide the Court with a copy of each expert's curriculum vitae.

7(e).  The parties shall prepare and file a joint claim construction and prehearing statement that identifies both agreed and disputed terms on or before **October 25, 2024**.  The joint statement shall note the anticipated length of time necessary for the claim construction hearing and whether any party proposes to call witnesses.  The joint statement shall also include a proposed order addressing how the parties propose to present their arguments at the claim construction hearing, which may be term-by-term or party-by-party depending on the issues in

the case.  The joint statement shall also include a joint claim construction chart, noting each party's proposed construction of each term, and supporting evidence.  The parties must identify the following in the joint statement:  (i) the construction of agreed claims and terms; (ii) each side's construction of disputed claims and terms, if any; and (iii) if disputed claims and terms exist, each proposed witness at the claim-construction hearing together with a brief description of the witness's testimony.

7(f).  The parties are directed to immediately advise the Court if any review proceeding or request for the same is made to the United States Patent and Trademark Office ("USPTO") that involves any of the claims in this case.

<strong>Dispositive Motions</strong>

8(a).  Dispositive motions shall be filed no later than **January 10, 2025**.  This deadline shall not change except by order of the Court.  Briefs in opposition shall be filed no later than **January 24, 2025**, and any reply briefs shall be filed no later than **January 30, 2025**.  Pursuant to Local Rule 7(F)(3), for good cause shown, opening briefs and briefs in opposition filed pursuant to this paragraph shall be no longer than forty (40) pages, and reply briefs shall be no longer than twenty-five (20) pages.

8(b).  Counsel must submit two (2) courtesy copies of all motions and two (2) copies of all exhibits, with one copy directed to the undersigned's Alexandria chambers and one copy directed to the undersigned's Richmond chambers.  Counsel are reminded of the requirements of Local Rule 56(B), which are specifically incorporated herein regarding motions for summary judgment.

8(c).  A hearing on motions for summary judgment will occur only if the Court concludes independently that oral argument would be helpful, or if a motion pursuant to ¶ 10(a) of this

Scheduling Order is granted.

### Non-Dispositive Motions

9.  All non-dispositive motions, including all motions *in limine* (excluding *Daubert* motions) shall be filed not later than **March 24, 2025**.  The brief in opposition to such non-dispositive motions shall be filed not later than **April 7, 2025.**  The reply brief in support of such non-dispositive motions, if any, shall be filed not later than **April 14, 2025**.

### Oral Argument

10(a).  Consistent with Local Rule 7(J), the Court will decide all motions on the papers unless the Court orders oral argument on its own initiative or on separate motion filed by the parties.  The separate motion must include an incorporated brief explaining why oral argument will materially aid in the decisional process.

10(b).  The Court will not enforce the provisions of Local Rule 7(E) to the extent that it requires a movant to schedule a hearing within thirty (30) days after filing a motion.

### Proposed Witnesses

11.  Plaintiff shall file a list of proposed witnesses not later than **March 14, 2025**, and Defendants shall designate their witnesses not later than **March 24, 2025**.  Plaintiff shall file a list of any rebuttal witnesses not later than **March 31, 2025**.  Failure to comply with the provisions of this paragraph shall result in preclusion of a witness's testimony at trial, absent exceptional circumstances.

### Discovery To Be Used As Evidence

12.  Each party shall file a designation not later than **March 14, 2025**, specifically identifying any discovery material that is intended to be offered into evidence.  Any designation must identify the specific item of discovery intended to be offered into evidence by exhibit

number, title of the document and the specific page and sentence of the relevant information, along with a statement of relevance and basis for admission.  Any objection to the introduction of any discovery material shall be filed not later than **March 24, 2025**, or the objection will be deemed waived.  This paragraph does not apply to discovery materials that will be used at trial solely for cross-examination and/or for impeachment purposes.

**Jury Trial**

13(a).  Counsel for all parties shall <u>jointly</u> file electronically any requested jury instructions, including all requested standard instructions, not later than **March 24, 2025**.  The submission of proposed jury instructions shall include each requested jury instruction (whether agreed or objected to) fully set forth on a separate page with a citation in support of the instruction set forth at the bottom of the requested instruction.  The submission shall be organized as follows.  First, the parties shall tender the agreed set of instructions (to be labeled "J-1," "J-2," etc.), including any special interrogatory verdict form.  Second, the parties shall tender any of Plaintiff's proposed instructions (to be labeled "P-1," P-2," etc.) to which Defendants object.  Third, the parties shall tender any of Defendants' proposed instructions (to be labeled "D-1," "D-2," etc.) to which Plaintiff objects.  Counsel shall also provide a copy of the requested jury instructions in Microsoft Word format via e-mail to Chambers.

13(b).  Not later than **March 28, 2025**, any objecting party shall submit its memorandum in opposition to any jury instructions requested by the other side that are not agreed upon.  The objecting party shall set forth the nature of the dispute, any authority on the issue and any alternative instruction.

13(c).  Not later than **March 31, 2025**, any party proposing requested instructions that are not agreed upon may submit a memorandum in support of the requested instructions.

*Voir Dire*

14.  Any proposed jury *voir dire* to be requested by any party shall be filed not later than **March 24, 2025**.  Parties are encouraged to submit an instruction that succinctly summarizes the position of each party for use by the Court during *voir dire*.

**Written Stipulations**

15.  Not later than **March 31, 2025**, counsel for each party shall meet and confer in a good faith effort to enter into written stipulations of uncontroverted facts.  Written stipulations shall be signed by each counsel and filed with the Clerk not later than **April 3, 2025**.

**Proposed Exhibits**

16(a).  Plaintiff shall file a list of proposed exhibits not later than **March 14, 2025**, and shall provide a copy of all proposed exhibits to all parties.  Defendants shall file a list of proposed exhibits and shall provide a copy of same to every party not less than **March 24, 2025**.  Any objection to any exhibit shall be noted by a motion that includes the subject exhibit(s) filed not later than **March 31, 2025**.

16(b).  In anticipation of trial, each party shall ensure that three (3) sets of pre-marked, indexed copies of that party's exhibits are submitted in binders to the Clerk in Alexandria, Virginia at least one day before trial begins for use by the courtroom deputy clerk during trial proceedings and the jury during its deliberations.

**Deadlines**

17.  Unless otherwise specified, any deadline established herein shall be governed by Federal Rule of Civil Procedure 6.  For purposes of Rule 6(d), all electronically filed documents shall be deemed electronically served regardless of additional service by any other means.

**Settlement**

18(a).  This case will be referred to United States Magistrate Judge **John F. Anderson** for settlement.  The parties shall be responsible for contacting the chambers of the Magistrate Judge to schedule any future settlement conferences.  If amenable to the Magistrate Judge and otherwise consistent with his calendar, the parties shall schedule a settlement conference to take place no later than **November 11, 2024**.  The parties may elect to utilize a mediator for settlement purposes; however, if they elect to do so, the parties must still schedule a settlement conference with the Magistrate Judge before the deadline and then meet with the private mediator before the scheduled settlement conference with the Magistrate Judge.

18(b).  The parties shall file notice of any settlement, either in whole or in part, as soon as practicable but not later than 12:00 p.m. on the nearest business day following the date of settlement.  Counsel shall submit a stipulation of dismissal not later than fourteen (14) calendar days after filing the notice of settlement, unless otherwise ordered by the Court.  If such stipulation is not timely filed, the Court will dismiss this action with prejudice as to all parties involved in the settlement.

**Final Pretrial Conference**

19.  A Final Pretrial Conference will be held on **Tuesday, May 6, 2025**, at **10:30 a.m.** in Alexandria, Virginia.  Not later than seven (7) days before the Final Pretrial Conference, the parties shall jointly submit a proposed Final Pretrial Order to the Court, endorsed by counsel and setting forth all resolved and disputed matters related to trial evidentiary issues.  The proposed Final Pretrial Order shall be broken down by the following sections:  (1) Stipulated Facts; (2) Legal and Evidentiary Stipulations (including jurisdiction and venue); (3) List of Proposed Witnesses by Each Party; (4) Exhibits (including identification of those exhibits to which there is

no objection); (5) Factual Contentions as set forth by each party; and (6) Triable Issues as set forth by each party.

### Pretrial Briefs

20.  The parties may file pretrial bench briefs on material issues expected to arise at trial; indeed, the Court encourages such practice.  Pretrial briefs, however, may not serve as a substitute for motions *in limine*, because pretrial briefs do not seek a remedy.  Instead, pretrial briefs serve as a vehicle for counsel to educate the Court about a potential trial issue.  If counsel elects to file a pretrial brief, it must be filed not later than **March 24, 2025**.

### Courtroom Technology

21(a).  All exhibits will be presented by available electronic means during trial.  The courtroom is equipped with a document viewer that displays evidence on monitors located on counsel tables, on the bench and in the jury box.  The parties may also use personal laptop computers to aid in the presentation of evidence.  The Court does not provide laptops.  The Court advises the parties to visit the following webpage for more information on the Court's technological capabilities:  https://www.vaed.uscourts.gov/evidence-presentation-system.

21(b).  Any party wishing to use courtroom technology during a proceeding should submit a Request to Use the Court's Evidence Presentation System form and confer with the undersigned's courtroom deputy at least ten (10) days before the proceeding.  The Court expects all parties using courtroom technology to conduct a test run before any proceeding.

21(c).  Any party wishing to bring personal electronic devices, including laptops and cell phones, to a proceeding should submit a Request for Authorization form to the undersigned's law clerks at least three (3) days before the proceeding.  While in the courthouse, all devices should be turned off (not in silent or vibrate modes) unless in use for court-related matters.

## Attorneys' Fees

22. Any motion for an award of attorneys' fees will be addressed after trial pursuant to Rule 54 and Local Rule 54 (if fees are treated as costs by statute or rule). Such motions shall be governed by applicable statutory and decisional law and must be accompanied by a brief. A party moving for attorneys' fees must submit an affidavit or declaration itemizing time spent on the case, describing the work done and the hourly rate of the person billing the case. In addition, a movant must submit an affidavit or declaration from an expert establishing the reasonableness of the fees.

## Use of Artificial Intelligence

23. Should any party utilize artificial intelligence for the preparation of any filing, they must identify the use of the artificial intelligence in the filing and provide a certification that they have reviewed all citations for accuracy.

## Audio or Video Recordings

24. If either party intends to introduce an audio or video recording into evidence, such party must prepare a written transcript of the recording to accompany the recording.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

_____/s/_____
David J. Novak
United States District Judge

Alexandria, Virginia
Date: July 16, 2024

14