UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

VERICOOL WORLD LLC,

        Plaintiff,

v.

TEMPERPACK TECHNOLOGIES, INC. and
TEMPERPACK VIRGINIA, INC.,

        Defendants.

Civil Action No. 1:23-cv-01761-DJN-JFA

## DEFENDANTS TEMPERPACK TECHNOLOGIES, INC. AND TEMPERPACK VIRGINIA, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants TemperPack Technologies, Inc. and TemperPack Virginia, Inc. (collectively "TemperPack"), by counsel, hereby answers the Complaint (Dkt. 1) of Plaintiff Vericool World LLC ("Vericool") as follows:

### NATURE OF ACTION

1. TemperPack admits that Vericool purports to allege an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.* TemperPack denies that Vericool has set forth any legal or factual basis for such action, or that Vericool is entitled to any relief.

### PARTIES

2. TemperPack lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 2 of the Complaint, and, on that basis, denies them.

1

3.      TemperPack admits that Defendant TemperPack Technologies, Inc. is a corporation organized and existing under the laws of Delaware and having its principal place of business at 4447 Carolina Avenue, Richmond, VA 23222.

4.      TemperPack admits that Defendant TemperPack Virginia, Inc. is a corporation organized and existing under the laws of Delaware and having its principal place of business at 4447 Carolina Avenue, Richmond, VA 23222.

## JOINDER

5.      This paragraph contains legal conclusions to which no response is required.

6.      TemperPack denies the allegations of paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7.      TemperPack admits that Vericool purports to allege an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.* TemperPack denies that Vericool has set forth any legal or factual basis for such action, or that Vericool is entitled to any relief.

8.      TemperPack denies the allegations of paragraph 8 of the Complaint.

9.      TemperPack admits that Vericool purports to allege that this Court has personal jurisdiction over TemperPack. TemperPack admits that it has a principal place of business in this district. For purposes of this action only, TemperPack does not contest that this Court has personal jurisdiction over it. TemperPack denies it has committed acts of infringement in this judicial district or elsewhere.

10.     TemperPack admits that Vericool purports to allege venue in this district. TemperPack admits it has a regular and established place of business in this district but denies it

2

has committed acts of infringement and denies the remaining allegations of paragraph 10 of the Complaint.

## BACKGROUND OF VERICOOL AND THE PATENTED TECHNOLOGY

11.    TemperPack lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 11 of the Complaint, and, on that basis, denies them.

12.    TemperPack lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 12 of the Complaint, and, on that basis, denies them.

13.    TemperPack admits that the asserted patents, U.S. Patent Nos. 11,040,818 ("the '818 Patent"), U.S. Patent No. 11,358,780 ("the '780 Patent"), and 11,794,983 ("the '983 Patent"), on their face, purport to claim priority to U.S. Provisional Application No. 62/460,023, filed on February 16, 2017, but denies that the claimed priority is valid. TemperPack lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 13 of the Complaint, and, on that basis, denies them.

14.    TemperPack lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 14 of the Complaint, and, on that basis, denies them.

15.    TemperPack denies the allegations of paragraph 15 of the Complaint.

16.    TemperPack admits that TemperPack Technologies, Inc. received correspondence from counsel for Vericool, Inc. dated June 22, 2021 and TemperPack's counsel received correspondence from Vericool World's counsel on August 3, 2022.  TemperPack denies the remaining allegations of paragraph 16 of the Complaint.

17.    TemperPack admits that TemperPack Technologies, Inc. sells the ClimaCell product. TemperPack denies the remaining allegations of paragraph 17 of the Complaint.

**THE ASSERTED VERICOOL PATENTS**

18.    TemperPack lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 18 of the Complaint, and, on that basis, denies them.

19.    TemperPack denies the allegations of paragraph 19 of the Complaint.

20.    TemperPack admits that the '818 Patent is titled "Compostable Insulation for Shipping Container" and was issued on June 22, 2021. TemperPack admits that Exhibit A to the Complaint on its face purports to be a copy of the '818 Patent, but denies that the '818 Patent is valid or enforceable.

21.    TemperPack admits that the '780 Patent is titled "Compostable Insulation for Shipping Container" and was issued on June 14, 2022. TemperPack admits that Exhibit B to the Complaint on its face purports to be a copy of the '780 Patent, but denies that the '780 Patent is valid or enforceable.

22.    TemperPack admits that the '983 Patent is titled "Compostable Insulation for Shipping Container" and was issued on October 24, 2023. TemperPack admits that Exhibit C to the Complaint on its face purports to be a copy of the '983 Patent, but denies that the '983 Patent is valid or enforceable.

23.    Temperpack admits that the '818 Patent, the '780 Patent, and the '983 Patent, on their face, purport to claim priority to U.S. Provisional Application No. 62/460,023, filed on February 16, 2017, but denies that the claimed priority is valid.

**COUNT I: INFRINGEMENT OF THE '818 PATENT**

24.    TemperPack incorporates by reference its response contained in the foregoing paragraphs, as if fully set forth herein.

25.    TemperPack denies the allegations of paragraph 25 of the Complaint.

4

26.     TemperPack denies the allegations of paragraph 26 of the Complaint.

27.     TemperPack denies the allegations of paragraph 27 of the Complaint.

28.     TemperPack denies the allegations of paragraph 28 of the Complaint.

29.     TemperPack admits that it does not have a license or permission to use the '818 Patent, but denies that it requires a license or permission to use the '818 Patent because TemperPack does not infringe the '818 Patent and the '818 Patent is neither valid nor enforceable.

30.     TemperPack denies the allegations of paragraph 30 of the Complaint.

31.     TemperPack denies the allegations of paragraph 31 of the Complaint.

**COUNT II: INFRINGEMENT OF THE '780 PATENT**

32.     TemperPack incorporates by reference its response contained in the foregoing paragraphs, as if fully set forth herein.

33.     TemperPack denies the allegations of paragraph 33 of the Complaint.

34.     TemperPack denies the allegations of paragraph 34 of the Complaint.

35.     TemperPack denies the allegations of paragraph 35 of the Complaint.

36.     TemperPack denies the allegations of paragraph 36 of the Complaint.

37.     TemperPack admits that it does not have a license or permission to use the '780 Patent, but denies that it requires a license or permission to use the '780 Patent because TemperPack does not infringe the '780 Patent and the '780 Patent is neither valid nor enforceable.

38.     TemperPack denies the allegations of paragraph 38 of the Complaint.

39.     TemperPack denies the allegations of paragraph 39 of the Complaint.

## COUNT III: INFRINGEMENT OF THE '983 PATENT

40.     TemperPack incorporates by reference its response contained in the foregoing paragraphs, as if fully set forth herein.

41.     TemperPack denies the allegations of paragraph 41 of the Complaint.

42.     TemperPack denies the allegations of paragraph 42 of the Complaint.

43.     TemperPack denies the allegations of paragraph 43 of the Complaint.

44.     TemperPack denies the allegations of paragraph 44 of the Complaint.

45.     TemperPack admits that it does not have a license or permission to use the '983 Patent, but denies that it requires a license or permission to use the '983 Patent because TemperPack does not infringe the '983 Patent and the '983 Patent is neither valid nor enforceable.

46.     TemperPack denies the allegations of paragraph 46 of the Complaint.

47.     TemperPack denies the allegations of paragraph 47 of the Complaint.

## PRAYER FOR RELIEF

TemperPack denies the Vericool is entitled to any of the relief requested in the Complaint or any relief whatsoever. TemperPack requests entry of judgment in its favor and against Vericool.  TemperPack also requests that the Court award it such other and further relief as the Court may deem just and proper, including its attorney's fees and costs.

## DEMAND FOR A JURY TRIAL

Vericool's demand for a jury trial in the Complaint does not require a response. TemperPack demands a jury trial on all issues so triable.

**ADDITIONAL DEFENSES**

Pursuant to Federal Rule of Civil Procedure 8(c), TemperPack asserts the following defenses to the Complaint. In doing so, TemperPack does not assume any burden of proof or persuasion on any issue that is Vericool's burden as a matter of law. TemperPack also reserves the right to amend or supplement these defenses, or assert additional defenses, as additional facts become known.

**FIRST DEFENSE**
**(Noninfringement of U.S. Patent No. 11,040,818)**

TemperPack has not infringed, and currently does not infringe, any valid, enforceable, asserted claim of the '818 Patent, under any theory of infringement, including directly (individually or jointly) or indirectly (whether contributorily or by inducement), either literally or under the Doctrine of Equivalents, and is not liable for any infringement.

**SECOND DEFENSE**
**(Invalidity and/or Unenforceability of U.S. Patent No. 11,040,818)**

All Claims of the '818 patent are invalid and/or unenforceable for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or the rules, regulations, and laws pertaining thereto.

**THIRD DEFENSE**
**(Noninfringement of U.S. Patent No. 11,358,780)**

TemperPack has not infringed, and currently does not infringe, any valid, enforceable, asserted claim of the '780 Patent, under any theory of infringement, including directly (individually or jointly) or indirectly (whether contributorily or by inducement), either literally or under the Doctrine of Equivalents, and is not liable for any infringement.

**FOURTH DEFENSE**
**(Invalidity and/or Unenforceability of U.S. Patent No. 11,358,780)**

All Claims of the '780 patent are invalid and/or unenforceable for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or the rules, regulations, and laws pertaining thereto.

**FIFTH DEFENSE**
**(Noninfringement of U.S. Patent No. 11,794,983)**

TemperPack has not infringed, and currently does not infringe, any valid, enforceable, asserted claim of the '983 Patent, under any theory of infringement, including directly (individually or jointly) or indirectly (whether contributorily or by inducement), either literally or under the Doctrine of Equivalents, and is not liable for any infringement.

**SIXTH DEFENSE**
**(Invalidity and/or Unenforceability of U.S. Patent No. 11,794,983)**

All Claims of the '983 patent are invalid and/or unenforceable for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or the rules, regulations, and laws pertaining thereto.

**SEVENTH DEFENSE**
**(Prosecution History Estoppel)**

Vericool is estopped from arguing and has waived arguments that the claims of the '818, '780, and '983 Patents cover TemperPack products by virtue of amendments, positions, and arguments made to the United States Patent and Trademark Office during prosecution of the applications leading to the issuance of the '818, '780, and '983 Patents, or related or other patent applications before the United States Patent and Trademark Office or any foreign patent office.

**EIGHTH DEFENSE**
**(Failure to State a Claim)**

Vericool's Compliant fails to state a claim upon which relief can be granted.

## NINTH DEFENSE
### (Equitable Estoppel, Waiver, and Acquiescence)

Vericool's claims for relief are barred by the doctrine of waiver, acquiescence, estoppel and/or any other equitable remedy.

## TENTH DEFENSE
### (Unclean Hands)

Vericool's claims for relief are barred by the doctrine of unclean hands.

## ELEVENTH DEFENSE
### (Patent Misuse)

Vericool's claims for relief are barred, in whole or in part, by the doctrine of patent misuse.

## TWELFTH DEFENSE
### (No Willfulness)

In the event TemperPack were found to infringe any valid, enforceable claim of Vericool's asserted patents, such infringement was not willful.

## THIRTEENTH DEFENSE
### (No Attorneys' Fees)

This case is not an exceptional case justifying an award of attorney's fees against TemperPack, and Vericool is precluded from recovering its reasonable attorneys' fees and/or costs under 35 U.S.C. § 285.

## FOURTEENTH DEFENSE
### (No Injunctive Relief)

Vericool is not entitled to any injunctive relief under any theory because of, but not limited to, at least the following reasons: (1) any alleged injury to Vericool is not immediate or irreparable; (2) in the unlikely event Vericool prevails, Vericool has an adequate remedy at law; and/or (3) public policy concerns weigh against any injunctive relief.

**FIFTEENTH DEFENSE**
**(Unavailability of Relief – Bar to Damages, Failure to Mark, Lack of Notice)**

TemperPack is not liable to Vericool and any claim for damages by Vericool is limited to the extent that Vericool or any predecessors-in-interest or licensees to the '818, '780, and '983 Patents failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that TemperPack's actions allegedly infringed the '818, '780, and '983 Patents.

**SIXTEENTH DEFENSE**
**(Lack of Standing)**

Vericool lacks standing to assert infringement of Vericool's asserted patents because it did not have sufficient rights in those patents at the time the suit was filed.

**SEVENTEENTH DEFENSE**
**(Ensnarement)**

Vericool is barred from asserting infringement under the doctrine of equivalents for any of its asserted patents to the extent that such a theory would ensnare prior art.

**EIGHTEENTH DEFENSE**
**(Limitation on Damages)**

Vericool's claims for damages are statutorily limited by 35 U.S.C. § 286.

**NINETEENTH DEFENSE**
**(Failure to Join a Party under Rule 19)**

Vericool's claims fail because Vericool has failed to join a party required under Rule 19.

**TWENTIETH DEFENSE**
**(Failure of Assignment)**

Vericool's claims fail because Vericool was not properly assigned the Asserted Patents and/or was not assigned the right to pursue damages for past infringement.

10

### TWENTY FIRST DEFENSE
### (Additional Defenses or Claims)

TemperPack reserves all defenses available under the Federal Rules of Civil Procedure and the U.S. Patent laws and any additional defenses or claims that discovery may reveal including that Vericool has failed to aver any facts supporting the conclusion that it has suffered any irreparable injury or harm under 35 U.S.C. § 282, and that Vericool has failed to aver any facts supporting that this is an exceptional case and/or an award of attorney's fees under 35 U.S.C. § 285.

### COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. 13, Defendants and Counterclaim-Plaintiffs TemperPack Technologies, Inc. and TemperPack Virginia, Inc. ("TemperPack") allege the following against Plaintiff and Counterclaim-Defendant Vericool World LLC ("Vericool"):

### PARTIES

1. TemperPack Technologies, Inc. is a Delaware corporation with a principal place of business at 4447 Carolina Avenue, Richmond, VA 23222.

2. TemperPack Virginia, Inc. is a Delaware corporation with a principal place of business at 4447 Carolina Avenue, Richmond, VA 23222.

3. Vericool states in its Complaint that it is a Delaware corporation having its principal place of business at 7066 Las Positas Road, Livermore, California 94551.

### JURISDICTION AND VENUE

4. TemperPack's Counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.* and the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

5.      Subject to the affirmative defenses and denials set forth above, this Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6.      An actual case or controversy exists between TermperPack and Vericool regarding whether TemperPack has infringed or is infringing, directly or indirectly, one or more valid and enforceable claims of Vericool's U.S. Patent Nos. 11,040,818 ("the '818 Patent"), 11,358,780 ("the '780 Patent"), and 11,794,983 ("the '983 Patent") (collectively, "Vericool's Asserted Patents"). TemperPack denies those allegations.

7.      Vericool has submitted to the personal jurisdiction of this Court, without limitation, by bringing the present action in which it alleges that TemperPack infringes Vericool's Asserted Patents.

8.      Venue is proper in this judicial district pursuant to, without limitation, 28 U.S.C. § 1391(b), (c). To the extent that the underlying action brought by Vericool against TemperPack proceeds in this District, then venue as to these counterclaims is convenient and appropriate.

## COUNTERCLAIM ONE
### (Declaratory Judgment of Noninfringement of U.S. Patent No. 11,040,818)

9.      Counterclaim-Plaintiff TemperPack repeats and re-alleges the allegations of the preceding paragraphs of these Counterclaims as if fully set forth herein.

10.     Vericool has asserted that TemperPack infringes the '818 Patent.

11.     Based on the filing of Vericool's Complaint, an actual controversy has arisen and presently exists between Vericool and TemperPack as to whether TemperPack infringes the '818 Patent.

12.     Neither TemperPack nor its customers directly infringe the asserted claims of the '818 Patent at least because the ClimaCell products do not practice every element of any valid, enforceable claim of the '818 Patent.

13.     TemperPack has not and does not induce infringement of the '818 Patent.

14.     TemperPack has not and does not contributorily infringe the '818 Patent.

15.     A judicial declaration concerning these matters is necessary and appropriate so that TemperPack can ascertain its rights regarding the '818 Patent.

## COUNTERCLAIM TWO
### (Declaratory Judgment of Invalidity and Unenforceability of U.S. Patent No. 11,040,818)

16.     Counterclaim-Plaintiff TemperPack repeats and re-alleges the allegations of the preceding paragraphs of these Counterclaims as if fully set forth herein.

17.     Vericool has asserted that TemperPack infringes the '818 Patent.

18.     Based on the filing of Vericool's Complaint, an actual controversy has arisen and presently exists between Vericool and TemperPack as to the validity of the '818 Patent.

19.     The claims of the '818 Patent are invalid because the alleged invention(s) therein fail to satisfy the conditions for patentability under 35 U.S.C. §§ 101 et seq., including one or more of 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or the rules, regulations, and laws pertaining thereto.

20.     To resolve the legal and factual questions raised by Vericool, and to afford relief from the uncertainty and controversy from which Vericool's accusations have precipitated, TemperPack is entitled to a declaration that the asserted claims of the '818 Patent are invalid and/or unenforceable pursuant to at least 35 U.S.C. §§ 101, 102, 103,112, and/or 116.

21.     A judicial declaration concerning these matters is necessary and appropriate so that TemperPack can ascertain its rights regarding the '818 Patent.

13

### COUNTERCLAIM THREE
### (Declaratory Judgment of Noninfringement of U.S. Patent No. 11,358,780)

22.     Counterclaim-Plaintiff TemperPack repeats and re-alleges the allegations of the preceding paragraphs of these Counterclaims as if fully set forth herein.

23.     Vericool has asserted that TemperPack infringes the '780 Patent.

24.     Based on the filing of Vericool's Complaint, an actual controversy has arisen and presently exists between Vericool and TemperPack as to whether TemperPack infringes the '780 Patent.

25.     Neither TemperPack nor its customers directly infringe the asserted claims of the '780 Patent at least because the ClimaCell products do not practice every element of any valid, enforceable claim of the '780 Patent.

26.     TemperPack has not and does not induce infringement of the '780 Patent.

27.     TemperPack has not and does not contributorily infringe the '780 Patent.

28.     A judicial declaration concerning these matters is necessary and appropriate so that TemperPack can ascertain its rights regarding the '780 Patent.

### COUNTERCLAIM FOUR
### (Declaratory Judgment of Invalidity and Unenforceability of U.S. Patent No. 11,358,780)

29.     Counterclaim-Plaintiff TemperPack repeats and re-alleges the allegations of the preceding paragraphs of these Counterclaims as if fully set forth herein.

30.     Vericool has asserted that TemperPack infringes the '780 Patent.

31.     Based on the filing of Vericool's Complaint, an actual controversy has arisen and presently exists between Vericool and TemperPack as to the validity of the '780 Patent.

32.     The claims of the '780 Patent are invalid because the alleged invention(s) therein fail to satisfy the conditions for patentability under 35 U.S.C. §§ 101 et seq., including one or

14

more of 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or the rules, regulations, and laws pertaining thereto.

33.   To resolve the legal and factual questions raised by Vericool, and to afford relief from the uncertainty and controversy from which Vericool's accusations have precipitated, TemperPack is entitled to a declaration that the asserted claims of the '780 Patent are invalid and/or unenforceable pursuant to at least 35 U.S.C. §§ 101, 102, 103,112, and/or 116.

34.   A judicial declaration concerning these matters is necessary and appropriate so that TemperPack can ascertain its rights regarding the '780 Patent.

## COUNTERCLAIM FIVE
### (Declaratory Judgment of Noninfringement of U.S. Patent No. 11,794,983)

35.   Counterclaim-Plaintiff TemperPack repeats and re-alleges the allegations of the preceding paragraphs of these Counterclaims as if fully set forth herein.

36.   Vericool has asserted that TemperPack infringes the '983 Patent.

37.   Based on the filing of Vericool's Complaint, an actual controversy has arisen and presently exists between Vericool and TemperPack as to whether TemperPack infringes the '983 Patent.

38.   Neither TemperPack nor its customers directly infringe the asserted claims of the '983 Patent at least because the ClimaCell products do not practice every element of any valid, enforceable claim of the '983 Patent.

39.   TemperPack has not and does not induce infringement of the '983 Patent.

40.   TemperPack has not and does not contributorily infringe the '983 Patent.

41.   A judicial declaration concerning these matters is necessary and appropriate so that TemperPack can ascertain its rights regarding the '983 Patent.

## COUNTERCLAIM SIX
### (Declaratory Judgment of Invalidity and Unenforceability of U.S. Patent No. 11,794,983)

42.     Counterclaim-Plaintiff TemperPack repeats and re-alleges the allegations of the preceding paragraphs of these Counterclaims as if fully set forth herein.

43.     Vericool has asserted that TemperPack infringes the '983 Patent.

44.     Based on the filing of Vericool's Complaint, an actual controversy has arisen and presently exists between Vericool and TemperPack as to the validity of the '983 Patent.

45.     The claims of the '983 Patent are invalid because the alleged invention(s) therein fail to satisfy the conditions for patentability under 35 U.S.C. §§ 101 et seq., including one or more of 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or the rules, regulations, and laws pertaining thereto.

46.     To resolve the legal and factual questions raised by Vericool, and to afford relief from the uncertainty and controversy from which Vericool's accusations have precipitated, TemperPack is entitled to a declaration that the asserted claims of the '983 Patent are invalid and/or unenforceable pursuant to at least 35 U.S.C. §§ 101, 102, 103,112, and/or 116.

47.     A judicial declaration concerning these matters is necessary and appropriate so that TemperPack can ascertain its rights regarding the '983 Patent.

### PRAYER FOR RELIEF

WHEREFORE, TermperPack respectfully request that this Court enter a judgment in their favor and against Vericool as follows:

A.     Dismissing Vericool's Complaint with prejudice and entering judgment for TemperPack;

B.     Declaring that the claims of the '818 Patent are invalid, unenforceable and/or not infringed;

16

C.      Declaring that the claims of the '780 Patent are invalid, unenforceable and/or not infringed;

D.      Declaring that the claims of the '983 Patent are invalid, unenforceable and/or not infringed;

E.      Awarding TemperPack its reasonable attorneys' fees, costs, and expenses incurred in defendant against Vericool's Complaint;

F.      Rendering a finding that this case is "exceptional" and awarding to TemperPack its costs, expenses, and reasonable attorneys' fees, as provided by 35 U.S.C. § 285; and

G.      Awarding any such other further relief as this Court may deem proper.

## DEMAND FOR JURY TRIAL

TemperPack hereby requests a trial by jury on all issues so triable.

Dated:  July 16, 2024                          Respectfully submitted,

*/s/ Robert A. Angle*

Robert A. Angle (VSB No. 37691)
robert.angle@troutman.com
Christopher J. Forstner (VSB No. 45375)
christopher.forstner@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Phone: (804) 697-1200
Fax: (804) 698-5124

*Attorneys for Temperpack Technologies, Inc. and Temperpack Virginia, Inc.*

17

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 16, 2024, I electronically filed the foregoing by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ <u>*Robert A. Angle*</u>
