**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

VERICOOL WORLD LLC,

      Plaintiff,

    v.

TEMPERPACK TECHNOLOGIES, INC. and
TEMPERPACK VIRGINIA, INC.,

      Defendants.

Civil Action No. 1:23-cv-01761-DJN-JFA

**STIPULATED PROTECTIVE ORDER**

The parties anticipate that the discovery and pretrial phases of this action may involve disclosure of trade secrets and other confidential and proprietary business, technical, financial, and personal information; and the parties desire to protect the confidentiality of such information without limiting discovery herein. Accordingly, the parties request that the Court enter the following Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

**Protective Order**

1.    <u>Proceedings and Form of Information Governed</u>

This Protective Order shall govern any document, information, or other thing, including information in electronic form, furnished by any party or nonparty to any party in connection with the discovery and pretrial phases of this action. The form of information protected includes, but is not limited to, deposition testimony and exhibits and all copies of extracts, summaries, compilations, designations, and portions thereof, and responses to requests to produce documents or things, interrogatories, requests for admission, and third-party subpoenas.

2. <u>"Confidential Information" Defined</u>

The term "Confidential Information" is defined to include non-public documents, material, or testimony, constituting and/or relating to:

a.  trade secrets, and/or other sensitive information that tends to give the possessing party a competitive business advantage;

b.  identity of suppliers and information relating to manufacturing;

c.  business strategies, decisions, and/or negotiations;

d.  financial, budgeting, and/or accounting information;

e.  marketing studies, pro formas, projections, and similar information relating to the value and/or potential value of stock, capital assets, technology, and/or other assets or liabilities; and

f.  other confidential or proprietary information, including technical information, of or concerning the parties, any of their parents, subsidiaries, operations, related entities, or employees; and/or third parties with whom they have had business relationships and/or engaged in business negotiations, and/or any of their subsidiaries, operations, and/or related entities, or employees (the foregoing collectively referred to as "Affiliates"); information identifying any existing or potential customer, supplier, and/or business associate (by name, address, transaction, or any other identifying characteristic) of parties and/or Affiliates; containing information about compensation, deferred or incentive compensation, stock options or stock holdings, net worth, revenues, assets and liabilities, employment, work evaluations, personal habits, and/or other personal or confidential information relating to parties and/or Affiliates; containing personal information or records, such as journals, diaries,

calendars, and/or other personal records, of the parties and/or Affiliates; or comprising confidential information of another in a party's possession that is governed by a written agreement of confidentiality.

3.      Designation of Information for Protection Under This Protective Order

Any information produced in this action that is reasonably believed by the producing party to contain Confidential Information may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY."  Such designation may be made by stamping or otherwise marking the material prior to production as follows:  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY."

In the case of written material, documents, or tangible items, the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" shall be made at or prior to the time the party receiving the information ("the receiving party") is provided a copy of the information.  In lieu of marking the originals or documents, the party may mark the copies that are produced or exchanged.

A producing party shall designate information as "CONFIDENTIAL" only upon a good faith belief and basis that such information meets one or more of the definitions of Confidential Information set forth in Section 2, above.  A producing party shall designate information as "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" only upon a good faith belief and basis that such information meets one or more of the definitions of Confidential Information set forth in Section 2, above and, moreover, constitutes information of such a sensitive proprietary or personal nature that the producing party is justified in using this more exacting designation.

If a party through inadvertence produces or provides discovery of any Confidential Information without first labeling, marking, or designating it as "CONFIDENTIAL" or "HIGHLY

3

CONFIDENTIAL – FOR COUNSEL ONLY," then the producing party may thereafter give written notice promptly after discovery of such inadvertent production or provision of discovery to the receiving party or parties that the document, thing, transcript, or other embodiment of Confidential Information is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" and such Confidential Information should be treated in accordance with the provisions of this Protective Order.  The receiving party or parties must treat such document, thing, transcript, or other embodiment of Confidential Information accordingly from the date such notice is received.  Disclosure of such document, thing, transcript, or other embodiment of Confidential Information prior to receipt of such notice to persons not authorized to receive it shall not be deemed a violation of this Protective Order or a waiver of the confidential status of the information; however, those persons to whom disclosure was made are to be advised that the material disclosed was "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" and must be treated in accordance with this Protective Order.  The provisions of Paragraph 10 of this Protective Order shall apply in the event of any disputes with respect to the propriety or correctness of a party's designation of the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY."

4.      Disclosure of "CONFIDENTIAL" Information

All documents, information, or other things designated "CONFIDENTIAL" may be disclosed by the receiving party to and only to:

a.      The attorneys of record in this action and their respective partners (except David J. Goren of Fish & Richardson and any other firm personnel involved in prosecuting patent applications claiming priority to the patents-in-suit), associates, clerks, legal assistants, stenographic, graphic, and other support personnel; independent

organizations retained by such attorneys to provide litigation support services in this action and the employees of said organizations. For purposes of this section, "involved in prosecuting" means directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims;

b.   Court personnel, court reporters, and videographers involved in this action;

c.   Professional jury or trial consultants who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d.   Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Confidential Information and to keep any information concerning Confidential Information confidential;

e.   Independent experts and consultants retained in this action, and the employees of such experts and consultants who are assisting them, subject to the requirements of Section 6 relating to experts and consultants;

f.   The parties themselves to the extent reasonably necessary for the litigation of this action, including officers, directors, and employees of a party, subject to the requirements of Section 6, but in no event more than three individuals per party;

g.   Such other persons as hereafter may be designated by written agreement of all parties in this action or by order of the Court, such order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure;

h.   The author or recipient of the Confidential Information or any deposition witness who is appearing on behalf of the party that produced the Confidential Information; and

i.       Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

5.       <u>Disclosure of "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" Information</u>

All documents, information, or other things designated "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" are included within the meaning of Confidential Information as used in this Protective Order, and all the provisions set forth in this Protective Order that apply to Confidential Information also apply to material designated "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY."  Notwithstanding any other provision of this agreement, however, access to documents, information, and other things designated "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" shall be limited to persons referred to in subparagraphs 4(a), (b), (c), (d), (e), (g), (h) and (i) above and shall not be disclosed to persons referred to in subparagraph 4(f).

6.       <u>Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" Information or Items</u>

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the producing party, a receiving party that seeks to disclose to its officers, directors, and employees (including in-house counsel) any information or item that has been designated "CONFIDENTIAL" first must make a written request to the producing party that (1) sets forth their full name and the city and state of his or her residence, (2) describes their current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if they are involved, or may become involved, in any competitive decision-making, and (3) includes a signed "Acknowledgment and Agreement to be Bound" form, attached hereto as Exhibit A.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the producing party, a party that seeks to disclose to an expert or consultant any information or item that has been

designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" first must make a written request to the producing party that (i) identifies the general categories of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" material that the receiving party seeks permission to disclose to the expert or consultant, (ii) sets forth the full name of the expert or consultant, their citizenship, and the city and state of their primary residence, (iii) attaches a copy of the expert or consultant's current resume, (iv) identifies the expert or consultant's current employer(s), (v) identifies each person or entity from whom the expert or consultant has received compensation or funding or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] (vi) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the expert or consultant has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years, (vii) identifies all pending patent applications on which the expert or consultant is named as an inventor, in which the expert or consultant has any ownership interest, or as to which the expert or consultant has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims,[2] and (viii)

---

[1] If the expert or consultant believes any of this information is subject to a confidentiality obligation to a third-party, then the expert or consultant should provide whatever information the expert or consultant believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose to the expert or consultant shall be available to meet and confer with the producing party regarding any such engagement.

[2] It may be appropriate in certain circumstances to restrict the expert or consultant from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the producing party's "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" information.

includes a signed "Acknowledgment and Agreement to be Bound" form, attached hereto as Exhibit A.

(b) After seven (7) days of delivering the request and information specified above, a party may disclose the subject "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" material to the identified person unless within those seven (7) days the party receives a written objection from the producing party. Any such objection must set forth in detail the grounds on which it is based.

(c) A party that receives a timely written objection must meet and confer with the producing party (via telephone or in person) to try to resolve the matter by agreement within seven (7) days of the written objection. If no agreement is reached, the party seeking to make the disclosure may seek permission from the court to do so. Any such request must describe the circumstances with specificity, set forth in detail the reasons why the disclosure is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such request must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the producing party for its refusal to approve the disclosure.

In any such proceeding, the party opposing disclosure shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the receiving party's need to disclose the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" material.

An initial failure to object to any person under this section shall not preclude the non-objecting party from later objecting to continued access by that person for good cause. For

purposes of this section, "good cause" shall include an objectively reasonable concern that the person will, advertently or inadvertently, use or disclose "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" material in a way or ways that are inconsistent with the provisions contained in this Order.  If an objection is made, the parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  The designated person may continue to have access to information that was provided to such person prior to the date of the objection.  If a later objection is made, no further CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" material shall be disclosed to the Person until the Court resolves the matter or the producing party withdraws its objection.  Notwithstanding the foregoing, if the producing party fails to move for a protective order within seven (7) business days after the meet and confer, further CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" material may thereafter be provided to the designated person.

7.    Use of Confidential Information

Confidential Information shall be used by the receiving party and approved persons to whom it is disclosed solely in preparation for discovery, trial, or settlement of this action, or for use at trial and in any appellate proceeding concerning this action.  Confidential Information shall not be used by such party or persons for any business or other purpose or disclosed to any person or entity not entitled under this Protective Order to receive it, unless agreed to in writing by all parties to this action or as authorized by further order of the Court.

8.    Court Filings

With respect to the use of Confidential Information in connection with court filings, the parties will follow the procedures set forth in Local Civil Rule 5.

9.    Party's Own Information

The restrictions on the use of Confidential Information established by this Protective Order are applicable only to the use of Confidential Information received by a party from another party or from a nonparty in connection with this action.  A party is free to do as it wishes with its own information.

10.    Removal of Designation

A party may seek the removal of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" designations from particular items.  In such event, the following procedure shall apply:

The party or person seeking such removal shall give counsel of record for the party asserting the protection written notice thereof, supported by the reason therefor specifying the document, information, or other thing as to which such removal is sought.

a.    If the parties cannot reach agreement concerning the matter within seven (7) calendar days after delivery (or in the case of mail, receipt) of the notice, or such shorter time as the Court may allow, then the party seeking the removal of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" designations may file and serve a motion for an order of this Court for appropriate relief.  Such motion must be filed and served within five (5) business days after the expiration of the seven-calendar-day period referred to previously.  The parties agree that they will take all steps necessary to assure that any such motion is fully

briefed and presented to the Court in the most expeditious fashion reasonably possible under the circumstances.

b.     The party seeking to designate the information and/or document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" has the burden, in response to any such motion, to establish the appropriateness of the protection sought.

11.    <u>Depositions</u>

Information that is a) disclosed at the deposition of a party or one of its present or former officers, directors, employees, agents, or independent experts retained by a party for purposes of this litigation, and/or b) protected by a contractual or statutory confidentiality provision (regardless of the identity of the deponent) may be designated as Confidential Information by indicating on the record at the deposition that the testimony is Confidential Information and subject to the provisions of this Order.  A party may also designate information disclosed at such deposition as Confidential Information by notifying all parties, in writing, of the specific pages and lines of the transcript that contain Confidential Information.  Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in his possession, custody or control. Unless otherwise designated before, all depositions shall be treated as "CONFIDENTIAL—FOR COUNSEL ONLY" for a period of seven (7) calendar days after a full and complete transcript of said deposition is available.  After this seven-day period and unless otherwise designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY," the deposition transcript shall not be treated as containing Confidential Information.

12.    Exclusion From Deposition

Whenever any documents, information, or other things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" are to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to receive documents, information, or other things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY."

13.    Subpoenas

In the event any person or party having possession, custody, or control of any Confidential Information receives a subpoena, or other process or order to produce such information, such person or party shall immediately (and in any event early enough to allow ample time to oppose the attempt) notify in writing the attorneys of record of the party claiming such confidential treatment of the item, document, or information sought by such subpoena, process, or order; shall furnish those attorneys of record with a copy of said subpoena, process, or order; and shall provide reasonable cooperation with respect to any procedure to protect such information or matter as may be sought to be pursued by the party whose interests may be affected.  If the party asserting confidentiality makes a motion to quash or modify the subpoena, process, or order, there shall be no disclosure of the subject matter objected to pursuant to the subpoena, process, or order until the Court has ruled upon the motion, and then only in accordance with the Court's ruling.  If no such motion is made by the party asserting confidentiality despite a reasonable opportunity to do so, the person or party receiving the subpoena, process, or order shall be entitled to comply with it, provided it has fulfilled its obligations pursuant to this Order.

14.    No Waiver

Other than as specified herein, neither the taking of nor the failure to take any action to enforce the provisions of this Protective Order, nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any right to seek and obtain protection or relief in this action or any other action including, but not limited to, the right to claim that any information is or is not proprietary to any party, is or is not entitled to particular protection, or that such information does or does not embody trade secrets or other Confidential Information of any party.  The procedures set forth herein shall not affect the rights of the parties to object to discovery on grounds other than those related to confidentiality, nor shall it relieve a party of the necessity of proper response to discovery devices.

15.    No Probative Value

This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or other person or entity with respect to any Confidential Information.  The fact that information is designated "Confidential Information" under this Protective Order shall not be deemed to be determinative as to a trier of fact's consideration of what might be considered confidential or proprietary.  Subject to the provisions of Paragraph 10, this Protective Order shall be without prejudice to the right of any party to bring before the Court the question of: (i) whether any particular information is or is not confidential; (ii) whether any particular information or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; or (iii) whether any particular information or material is or is not relevant to any issue of this case, provided that in doing so the party complies with the foregoing procedures.  Absent a stipulation by all parties, the fact that information has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" under this

13

Protective Order shall not be admissible during the trial of this action, nor shall the jury be advised of such designation. The fact that any information is disclosed, used, or produced in discovery or at trial herein shall not be construed admissible, or offered in any action or proceeding before any court, agency, or tribunal as evidence of or concerning whether or not such information is confidential or proprietary.

16.    Return of Information

Within sixty (60) calendar days after the conclusion of this action, whether by judgment and exhaustion of all appeal rights, or by settlement, all Confidential Information and all documents that reflect such information shall be (i) delivered to the party that furnished such Confidential Information, or (ii) in lieu of delivery to the furnishing party, destroyed, in which event counsel shall give written notice of such destruction to opposing counsel. The attorneys of record shall ensure that all the Confidential Information in the possession, custody, or control of their experts and consultants is also destroyed or returned to the party that furnished such Confidential Information, for return to the producing party or destruction by the receiving party. In no event shall a party, its experts, or consultants retain a copy of Confidential Information produced to it. Notwithstanding the foregoing, counsel of record in this action and their support personnel may retain one copy of: (1) all pleadings, motions, and briefs (including supporting or opposing memoranda and exhibits), filed with the Court and/or served upon opposing counsel; (2) one copy of each transcript of any depositions (and summaries thereof) taken in this action, including all exhibits thereto; (3) all documents or other materials marked as trial exhibits; and (4) all notes, summaries, descriptions, abstracts, or other work product materials prepared in anticipation of or for use in the present action; provided, however that access to confidential information contained in any of the materials identified in subparagraphs (1) through (4), above,

14

shall be limited to counsel of record for their own internal use, and that such information shall not be provided to any non-party without the express prior written permission of counsel of record for the opposing party or pursuant to court order.

17.    Non-Parties

At the request of a non-party who produces documents or testimony in the case, and who is willing to be bound by the terms of this Protective Order, the terms of this Protective Order will be applied to protect the confidentiality of any documents or information supplied by that third party in the course of this litigation so long as such third party designates the documents or information as Confidential Information consistent with the terms of this Protective Order.

18.    Court's Jurisdiction

The Court retains jurisdiction to make such amendments, modifications, deletions, and additions to this Protective Order as the Court may from time to time deem appropriate.  The provisions of this Protective Order regarding the use and/or disclosure of "CONFIDENTIAL" information and "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" information shall survive the termination of this action, and the Court shall retain jurisdiction with respect to this Protective Order.

19.    Privileged Documents

If a producing party discloses to a receiving party information that is privileged or otherwise immune from discovery, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity.  When a producing party gives notice to the receiving party that certain produced material is subject to a claim of privilege or other protection, the obligations of the

15

receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). The party having returned such produced item or items of information may thereafter seek production of any such documents, things, or information in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

**IT IS SO STIPULATED**, through Counsel of Record.

| VERICOOL WORLD LLC | TEMPERPACK TECHNOLOGIES, INC. AND TEMPERPACK VIRGINIA, INC. |
|---|---|
| By:/s/ *Ahmed J. Davis* | By:/s/ *Robert A. Angel* |
| Ahmed J. Davis (Va. Bar No. 43982) <br> adavis@fr.com <br> FISH & RICHARDSON P.C. <br> 1000 Maine Avenue, S.W., Suite 1000 <br> Washington, DC 20024 <br> Tel: (202) 783-5070 \| Fax: (202) 783-2331 <br><br> Leeron G. Kalay (*pro hac vice*) <br> kalay@fr.com <br> Katherine D. Prescott (*pro hac vice*) <br> prescott@fr.com <br> Jessica H. Wang (*pro hac vice*) <br> jwang@fr.com <br> FISH & RICHARDSON P.C. <br> 500 Arguello Street, Suite 400 <br> Redwood City, CA 94063 <br> Tel: (650) 839-5070 \| Fax: (650) 839-5071 <br><br> Cheryl Wang (*pro hac vice*) <br> cwang@fr.com <br> FISH & RICHARDSON P.C. <br> 12860 El Camino Real, Suite 400 <br> San Diego, CA 92130 <br> Tel: (858) 678-5070 \| Fax: (858) 678-5099 | Robert A. Angle <br> robert.angle@troutman.com <br> Christopher J. Forstner <br> christopher.forstner@troutman.com <br> TROUTMAN PEPPER HAMILTON SANDERS LLP <br> 1001 Haxall Point <br> Richmond, VA 23219 <br> Tel: (804) 697-1200 \| Fax: (804) 698-5124 |

**PURSUANT TO STIPULATION, IT IS SO ORDERED**.

Dated:_____, 2024

_____
Hon. John F. Anderson
United States Magistrate

16

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or

type full address], declare under penalty of perjury that I have read in its entirety and understand

the Stipulated Protective Order that was issued by the United States District Court for the Eastern

District of Virginia on _____ [date] in the case of *Vericool World LLC v.*

*TemperPack Technologies, Inc. et al.*, 1:23-cv-01761-DJN-JFA.  I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that is subject to

this Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Eastern District of Virginia for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____

[print or type full address and telephone number] as my agent for service of process in connection

with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                             [printed name]

Signature: _____
                         [signature]