IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

VERICOOL WORLD LLC,
        Plaintiff,

v.                                                                    Civil No. 1:23cv1761 (DJN)

TEMPERPACK TECHNOLOGIES, INC.,
and TEMPERPACK VIRGINIA, INC.
        Defendants.

## <u>ORDER</u>
### (Lifting Stay; Amending Scheduling and Pretrial Order)

This matter comes before the Court following the April 1, 2025 status conference. For the reasons discussed at the status conference, the Court hereby ORDERS that the stay in this matter be lifted. The Court further ORDERS the following amendments to its July 16, 2024 Scheduling and Pretrial Order (ECF No. 54):

1. Trial in this case will commence with jury selection on **Friday, January 23, 2026 at 9:30 a.m.**, with openings and evidence to follow on **Monday, January 26, 2026 at 9:30 a.m.** and continuing through **January 30, 2026.**

2. The following deadlines shall apply to disclosures under Rule 26:

    (a) Not later than **August 29, 2025**, each party shall identify all persons it expects to call as expert witnesses in its case-in-chief at trial in support of any complaint, counterclaim, cross-claim, or third-party complaint, and shall serve all other parties with a copy of a written report complying with the requirements of Rule

26(a)(2)(B) and (C) for each such expert witness.

(b)  Not later than **September 26, 2025**, each defending party shall identify all persons it expects to call as expert witnesses in opposition to any complaint, counterclaim, crossclaim, or third-party complaint, and shall serve all other parties with a copy of a written report complying with the requirements of Rule 26(a)(2)(B) and (C) for each such expert witness.

(c)  Not later than **October 10, 2025**, each party shall identify all persons expected to be called as expert witnesses solely to contradict or rebut any witness identified pursuant to Paragraph 2(b) and shall serve all other parties with a copy of a written report complying with the requirement of Rules 26(a)(2)(B) and (C) for each such expert witness.

3.  Any motions challenging expert testimony based upon *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny shall be filed not later than **October 29, 2025**.  Any response to such a motion shall be filed not later than ten (10) calendar days after the filing of the motion and any reply shall be filed not later than three (3) calendar days thereafter.  For purposes of construing these deadlines for counterclaims, a counterclaimant shall follow the plaintiff's deadlines as it relates to its case-in-chief and a counter-defendant shall follow the defendant's deadlines.

4.  Plaintiff shall narrow asserted claims to no more than twenty-four (24)

2

total asserted claims not later than **May 23, 2025.**

5. Defendants shall narrow to no more than nine (9) prior art invalidity grounds (pursuant to 24 U.S.C. Sections 102 or 103) per claim not later than **June 20, 2025.**

6. All discovery, including the required time period for response to any discovery demand(s), must be concluded not later than **October 22, 2025,** except by order of the Court.

7. A *Markman* **Hearing** will be held on **October 20, 2025,** at **10:00 a.m.** in Courtroom 601 of the Albert V. Bryan United States Courthouse in Alexandria, Virginia. The Court will construe no more than ten (10) terms.

8. The parties shall exchange a list of claims to be construed no later than **August 4, 2025,** and identify any claim element that the party contends should be governed by 35 U.S.C. § 112(f). The parties shall exchange proposed claim constructions and extrinsic evidence no later than **August 18, 2025.**

9. The parties will simultaneously file opening claim construction briefs no longer than thirty (30) pages on or before **September 1, 2025.**

10. The parties will simultaneously file reply claim construction briefs of no longer than twenty-five (25) pages on or before **September 15, 2025.** The parties will inform the Court in conjunction with these filings whether they believe expert testimony will be necessary at the claim construction stage and, if so, who the parties intend to use as experts, specifically identifying their areas of expertise and the anticipated scope of their testimony. Along with such

submission, the parties shall provide the Court with a copy of each expert's curriculum vitae.

11. The parties shall prepare and file a joint claim construction and prehearing statement that identifies both agreed and disputed terms on or before **September 29, 2025**.

12. The parties are directed to immediately advise the Court if any further review proceeding or request for the same is made to the United States Patent and Trademark Office ("USPTO") that involves any of the claims in this case.

13. Dispositive motions shall be filed no later than **October 29, 2025**. This deadline shall not change except by order of the Court. Briefs in opposition shall be filed no later than **November 17, 2025**, and any reply briefs shall be filed no later than **November 26, 2025**. Pursuant to Local Rule 7(F)(3), for good cause shown, opening briefs and briefs in opposition filed pursuant to this paragraph shall be no longer than forty (40) pages, and reply briefs shall be no longer than twenty-five (20) pages.

14. All non-dispositive motions, including all motions *in limine* (excluding *Daubert* motions) shall be filed not later than **December 4, 2025**. The brief in opposition to such non-dispositive motions shall be filed not later than **December 11, 2025**. The reply brief in support of such non-dispositive motions, if any, shall be filed not later than **December 18, 2025**.

15. Plaintiff shall file a list of proposed witnesses not later than **November 21, 2025**, and Defendants shall designate their witnesses not later than

4

**December 4, 2025**. Plaintiff shall file a list of any rebuttal witnesses not later than **December 16, 2025**. Failure to comply with the provisions of this paragraph shall result in preclusion of a witness's testimony at trial, absent exceptional circumstances.

16. Each party shall file a designation not later than **November 21, 2025,** specifically identifying any discovery material that is intended to be offered into evidence. Any objection to the introduction of any discovery material shall be filed not later than **December 4, 2025** or the objection will be deemed waived. This paragraph does not apply to discovery materials that will be used at trial solely for cross-examination and/or for impeachment purposes.

17. Counsel for all parties shall jointly file electronically any requested jury instructions, including all requested standard instructions, not later than **December 4, 2025**. Please refer to the Court's July 16, 2024 Scheduling and Pretrial Order (ECF No. 54) for specifics.

18. Not later than **December 11, 2025**, any objecting party shall submit its memorandum in opposition to any jury instructions requested by the other side that are not agreed upon. The objecting party shall set forth the nature of the dispute, any authority on the issue and any alternative instruction.

19. Not later than **December 16, 2025**, any party proposing requested instructions that are not agreed upon may submit a memorandum in support of the requested instructions.

20. Any proposed jury *voir dire* to be requested by any party shall be filed

not later than **December 4, 2025**. Parties are encouraged to submit an instruction that succinctly summarizes the position of each party for use by the Court during *voir dire*.

21. Not later than **December 12, 2025**, counsel for each party shall meet and confer in a good faith effort to enter into written stipulations of uncontroverted facts. Written stipulations shall be signed by each counsel and filed with the Clerk not later than **December 16, 2025**.

22. Plaintiff shall file a list of proposed exhibits not later than **November 21, 2025**, and shall provide a copy of all proposed exhibits to all parties. Defendants shall file a list of proposed exhibits and shall provide a copy of same to every party not less than **December 4, 2025**. Any objection to any exhibit shall be noted by a motion that includes the subject exhibit(s) filed not later than **December 16, 2025**.

23. If amenable to United States Magistrate Judge John F. Anderson, the parties shall schedule a settlement conference to take place with him no later than **September 5, 2025**. The parties may elect to utilize a mediator for settlement purposes; however, if they elect to do so, the parties must still schedule a settlement conference with the Magistrate Judge before this deadline and then meet with the private mediator before the scheduled settlement conference with the Magistrate Judge.

24. A Final Pretrial Conference will be held on **January 13, 2026**, at **10:30 a.m.** in Alexandria, Virginia. Not later than seven (7) days before the Final

6

Pretrial Conference, the parties shall <u>jointly</u> submit a proposed Final Pretrial Order to the Court, endorsed by counsel and setting forth all resolved and disputed matters related to trial evidentiary issues.  The proposed Final Pretrial Order shall be broken down by the following sections:  (1) Stipulated Facts; (2) Legal and Evidentiary Stipulations (including jurisdiction and venue); (3) List of Proposed Witnesses by Each Party; (4) Exhibits (including identification of those exhibits to which there is no objection); (5) Factual Contentions as set forth by each party; and (6) Triable Issues as set forth by each party.

25.  If counsel elects to file a pretrial brief, it must be filed not later than **December 4, 2025**.

All other provisions of the Scheduling Order remain unaltered and in full effect.

The Court reiterates its prior advisement to the parties that, pursuant to Rule 53(a)(1)(C) of the Federal Rules of Civil Procedure, the Court may appoint a special master to manage and supervise discovery issues should the parties not resolve discovery disputes on their own.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

_____/s/_____
David J. Novak
United States District Judge

Alexandria, Virginia
Date: <u>April 4, 2025</u>

7